UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL D. MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00201-WTL-MJD |
| | ) | |
| CORIZON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion to Proceed *in forma pauperis*,
Discussing Complaint, and Directing Further Proceedings**

**I.**

Plaintiff Michael Mason's motion to proceed *in forma pauperis* Dkt.[4] is **granted**. He shall have **through June 2, 2017**, to pay an initial partial filing fee of $51.93.

**II.**

Because Mason is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Mason, are construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

This action was severed from the complaint in Case No. 2:15-cv-145-WTL-MJD. The claims in this action revolve around Mason's allegations that in July of an unidentified year, he was seen by an unidentified nurse because he was vomiting blood. The nurse did not treat him for this condition and he was sent back to his housing unit. The next day, he fainted and after examination, it was determined that he had bleeding ulcers.

This complaint must be dismissed for failure to state a claim upon which relief can be granted because Mason has failed to properly identify a defendant who is responsible for the alleged inadequate medical care. While he states that he saw a nurse, he does not name that nurse and bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted). If Mason is able to learn the name of the unknown defendant, he may seek leave to add a claim against her. Next, Mason also mentions Dr. Byrd in his statement of facts, but he does not allege that Dr. Byrd participated in any of the care that is the basis of his complaint. He has therefore failed to state a claim against Dr. Byrd. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). Finally, although Mason has named Corizon as a defendant, he has failed to state a claim against it. The reason for this is that this

defendant is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees, but if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). Mason has made no allegation of a policy or practice on the part of Corizon that resulted in the alleged constitutional deprivations.

**III.**

For the reasons discussed in Part II of this Entry Mason's complaint must be dismissed for failure to state a claim upon which relief can be granted.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through June 2, 2017,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

**IT IS SO ORDERED.**

Date: 5/8/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL D. MASON
136454
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only