UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| MICHAEL D. MASON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 2:17-cv-00201-WTL-MJD |
|  | ) |  |
| CORIZON, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Michael Mason, an inmate at the Wabash Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983 alleging that he has received constitutionally inadequate medical care for bleeding ulcers. Defendant Hiatt[1] moves for summary judgment arguing that Mason failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing this lawsuit.[2] Mason has responded and Hiatt has replied. For the following reasons, the motion for summary judgment, Dkt. No. 38, is **denied**.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson*

---

[1] Mr. Mason named this defendant "Sergeant Hyatt" in the complaint. Based on the Answer and motion for summary judgment, it appears that the correct spelling of this defendant's name is Hiatt. The **clerk shall amend the docket** to reflect the correct spelling of this defendant's name.

[2] Defendants Amy Reed and Corizon, Inc. also moved for summary judgment but have withdrawn the affirmative defense of failure to exhaust. Dkt. No. 53.

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324. Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).

## II. Statement of Facts

A. *The Grievance Policy*

Mr. Mason is an inmate at WVCF and has been at all times relevant to his claims in this case. There is an offender grievance program in place at WVCF -- IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process. This Grievance Process was in place at the time of Mr. Mason's allegations.

Under the IDOC offender grievance program, offenders can grieve actions of individual staff, including allegations of inadequate medical care. Pursuant to the Grievance Process, an inmate must first attempt to informally resolve his complaint. If the informal complaint process does not resolve the inmate's issue, he may then submit an "Offender Grievance" to the Executive Assistant / Grievance Specialist. If the grievance is not resolved in a manner that satisfies the offender, or if he did not receive a response to the grievance within fifteen working days of submission, the offender may file an appeal to the Department of Offender Grievance

Management at IDOC's Central Office. The records maintained by IDOC and WVCF document whether an offender attempted an informal grievance and filed a formal grievance or grievance appeal. These records reflect that Mr. Mason has not filed any grievances regarding the claims raised in this case.

B. *Mr. Mason's Attempts to Grieve*

A few days after the incident at issue in this case, Mason placed an informal grievance in the counselor's box in his unit. This informal grievance was addressed "to the infirmary." He did not receive a response to this informal grievance attempt. He "waited ten days or so" and wrote to his counselor to follow up and she did not respond. When he received no response, he believed that under the grievance policy, his grievance had been denied. He also believed, based on a posting on the board in his cell house, that he was not going to be given a formal grievance form.

In addition, the policy in place at WVCF required an inmate to have a completed informal grievance when filing a formal grievance. Otherwise, the formal grievance would be rejected and not filed. Finally, Mr. Mason could not meet the timeframe for submitting a formal grievance set forth in the Grievance Process because his counselor did not respond to his informal grievance.

### III. Discussion

Defendant Hiatt argues that by failing to submit any grievances related to his claims, Mr. Mason has failed to exhaust his available administrative remedies. Mr. Mason argues that he attempted to exhaust his available administrative remedies, but the failure to respond to his informal grievance by his counselor made doing so impossible.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement depends on the "availab[ility]" of administrative remedies. Thus, an inmate must exhaust available remedies, but need not exhaust unavailable ones. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). This means that prison staff who have the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Thomas v. Reese*, 787 F.3d 845, 847-48 (7th Cir. 2015) (grievance process was unavailable when the inmate was told he could not file a grievance).

Here, Mr. Mason has presented evidence that he attempted to exhaust his available administrative remedies, but was unable to do so because prison staff did not respond to his informal grievance or his follow-up request regarding his informal grievance. This is despite the fact that the "posting" at WVCF states that if an inmate does not receive a response to an informal grievance, the unit team should allow him to complete a second informal grievance. He has also presented evidence that he could not proceed to the next step of the process because a formal grievance is rejected if it is not accompanied by a copy of the informal grievance. He has therefore shown that administrative remedies were not available to him. *See Dole*, 438 F.3d at 809.

Hiatt does not rebut this evidence, but argues that Mr. Mason's filings show that his informal grievance was directed to the infirmary and concludes that he did not submit any grievance against him specifically. But Mr. Mason has presented evidence that he filed an informal grievance related to "the incidents in my suit." This necessarily includes Hiatt's participation in the alleged denial of medical care. Hiatt points to no requirement of the grievance policy that an informal grievance name a specific individual. The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly

to some asserted shortcoming." *Strong*, 297 F.3d at 650. By failing to show that Mr. Mason's informal grievance was insufficient under the policy, Hiatt has not met his burden to show that he failed to exhaust his available administrative remedies. His motion for summary judgment, Dkt. No. 38, is therefore **denied**.

## IV. Rule 56(f) Notice and Further Proceedings

The current record before the Court shows that the plaintiff is entitled to summary judgment on Hiatt's affirmative defense of exhaustion. Therefore, pursuant to Rule 56(f)(1), the Court gives Hiatt notice of its intent to grant summary judgment in the plaintiff's favor on this issue. Hiatt has **through March 27, 2018**, in which to respond to the Court's proposal. Alternatively, Hiatt may withdraw his affirmative defense by this date.

**IT IS SO ORDERED.**

Date: 3/8/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL D. MASON
136454
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov